OPINION
This is an accelerated appeal taken from a final judgment of the Lake County Court of Common Pleas, Probate Division. Appellant, Jacyln Hoffman, appeals the judgment of the probate court terminating her guardianship of minor child, Austin Tyler Hoffman.
Appellee, Aaron Beck, and Harmony Gene Hoffman are the natural parents of the minor child. On October 29, 1998, appellant, the maternal grandmother of the minor child, filed an application for appointment as guardian of the minor child with the probate court. According to the application, the appointment was necessary because "[w]ard's unmarriedparents are currently unsuitable to care for the ward." (Emphasis added.) The application further specified that the guardianship was to be for a "person only" and to have an indefinite duration.
When the application for guardianship was submitted, a waiver of notice and consent form signed by both the mother and appellee was simultaneously filed. Under this waiver form, appellee expressly consented to the original guardianship appointment.
A hearing on the application was held, and in December 1998, appellant was appointed as guardian of the minor child. The appointment indicated that her guardianship powers, until revoked, existed for an indefinite period of time.
In September 1999, appellee filed a motion to terminate the guardianship. This matter was scheduled for a hearing on October 12, 1999. Following the filing of stipulations and briefs, the probate court issued a judgment entry on December 6, 1999 terminating the guardianship. This entry failed to state its reason for such a conclusion. Specifically, the judgment entry failed to state whether the termination of the guardianship was in the child's best interest or based on good cause. It is from this judgment that appellant appeals, claiming two assignments of error:
 "[1.] The trial court erred in terminating the guardianship of Austin Tyler Hoffman[.]
 "[2.] The decision of the trial court is against the manifest weigh [sic] of the evidence[.]"
At the outset, we note that there is no transcript of the proceedings, nor an agreed statement of facts pursuant to App.R. 9(C). The only facts before this court emanate from the parties' written stipulations in the probate court. Thus, the appeal before this court is solely upon the original record and the written stipulations of fact entered between the parties at the trial court level.
The written stipulations of fact entered into between the parties at the trial court level are summarized as follows:
 "1. Aaron Beck, hereinafter `Aaron' is the natural father of Austin Tyler Hoffman hereinafter `Austin'.
 "2. Harmony Hoffman, hereafter `Harmony' is the natural mother of Austin.
 "3. Jaclyn Hoffman, hereafter `Jaclyn' is the duly appointed guardian of Austin, appointed by the Lake County Probate Court on December 8, 1998.
"4. Austin is now six (6) years old.
 "5. Aaron and Harmony lived together for the first three (3) years of Austin's life and then became separated.
 "6. After the separation Aaron became concerned with Austin's living arrangements.
 "7. Aaron was presented with a complete packet of all documents to be initially filed with the Probate Court in the within guardianship, a copy of which is attached as Exhibit A.
 "8. After having had the opportunity to review the packet Aaron signed his consent to Jaclyn's guardianship of Austin.
 "9. Aaron married his wife Candiss on December 13, 1998 and a child was born of that marriage on May 14, 1999.
 "10. Aaron currently lives in a three bedroom townhouse at 7950 Mentor Avenue, Mentor, Ohio.
 "11. Aaron's only reason for requesting the termination of the guardianship established by the Probate Court as set forth above is so that he may proceed to Juvenile Court to seek custody of Austin.
 "12. Aaron stipulates that Jaclyn is a good guardian and does not claim that her care of Austin is a reason to terminate the guardianship.
 "13. Jaclyn stipulates that Aaron loves his son, Austin."
In Masitto v. Masitto (1986), 22 Ohio St.3d 63, 65, the Supreme Court of Ohio recognized that the general rule concerning original custody awards is that parents who are deemed suitable have a "paramount" right to the custody of their minor children as against a non-parent. However, this right to custody is not absolute as it may be forfeited by the parents through contract, abandonment or by becoming totally unable to care for and support their children. Masitto at 65. Whether the parent, in this case appellee, has relinquished his right to custody of the minor child is a question of fact to be determined by the trier of fact. In re Guardianship of Sanders (1997), 118 Ohio App.3d 606, 615.
The determination of whether appellee forfeited his custody rights is vital as it dictates which standard is to be applied in a termination of guardianship proceeding, to wit: the "best interest of the child" standard under R.C. 3109.04 or the "good cause" standard set forth in R.C. 2111.46.
If it is determined by the probate court that the parent has permanently relinquished custody, then the best interest of the child standard must be used in adjudicating a motion to terminate the guardianship. Sanders at 613; In re Guardianship of Joles (June 30, 2000), Lake App. No. 99-L-087, unreported, at 4-5, 2000 WL 895586.
If, however, the probate court finds that the parent has not forfeited his permanent custodial rights, then the court is under no duty to apply the best interest of the child standard. Instead, the probate court can terminate the guardianship based solely on the good cause standard mandated by R.C. 2111.46. Joles at 5-6; In re Spriggs (Apr. 24, 1990), Scioto App. No. 89-CA-1803, unreported, at 2-3, 1990 WL 54871. R.C.2111.46 governs the termination of a guardianship for a minor and provides in part:
 "When a guardian has been appointed for a minor before such minor is over fourteen years of age, such guardian's power shall continue until the ward arrives at the age of majority, unless removed for good cause
or unless such ward selects another suitable guardian. * * *" (Emphasis added.)
Furthermore, an agreement to surrender temporary custody is not a forfeit of the parent's future right to custody of the child. Sanders at 615; Spriggs at 3. Thus, where the parent consented to a temporaryguardianship but later seeks to regain custody of the child, the probate court is to employ the good cause standard. Spriggs at 2-3.
In the case at bar, although the probate court did not render a specific finding on the temporary versus permanent nature of appellee's consent to the appointment of appellant as guardian, we note that given a parent's paramount right to custody, absent clear and convincing evidence to the contrary, "a guardianship that does not denominate its term asbeing either temporary or permanent, should be presumed to be temporaryin nature." (Emphasis added.) Id. at 2.
The appointment indicated that appellant's guardianship powers existed for an indefinite period of time. However, upon reviewing the application for guardianship, it seems that the intention of the parties was to allow appellant to be a temporary guardian only until appellee became a suitable parent for the minor child. See, e.g. Sanford v.Sanford (June 13, 1997), Trumbull App. No. 96-T-5514, unreported, 1997 WL 360661.
Because the probate court failed to make a "good cause" finding as set forth in R.C. 2111.46 in deciding to terminate appellant's guardianship, the judgment entry is insufficient. Although there was evidence available which could support a finding of "good cause," the probate court failed to make such a finding as required by R.C. 2111.46 when it terminated appellant's guardianship. The very specific mandate of the statute does not allow us to presume such a conclusion by the probate court. As a result, we must reverse and remand this matter to the probate court for its determination.[1]
In accordance with the foregoing analysis, the judgment of the probate court is reversed, and this matter remanded to the probate court for further proceedings consistent with this opinion.
 ____________________________________ JUDITH A. CHRISTLEY, PRESIDING JUDGE
NADER, J., concurs, MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, dissents with Dissenting Opinion.
[1] We further note that neither party requested findings of fact and conclusions of law pursuant to Civ.R. 52 with regard to this judgment entry. Neither appellant's nor appellee's brief point to any authority which requires the probate court to otherwise make findings of fact and conclusions of law beyond the determination of "good cause shown."
 DISSENTING OPINION